





**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

1:25-cv-12222
Judge John Robert Blakey
Magistrate Judge Gabriel A. Fuentes
RANDOM / Cat. 2

| | |
|---|---|
| Diahann Grasty,<br><br>Plaintiff<br><br>v.<br><br>Express Auto Repair & Emissions, Inc. d/b/a Express Automotive Inc., Nicolas Martinez, owner: Ally Financial, Inc., (aka Ally Bank) Alan Stachura Lienholder, The Corporate Trust Company. Ally Bank owner.<br><br>Defendants | Case No:<br>Judge:<br>Magistrate Judge:<br><br>***625 ILCS 5/3-111***<br>***(815 ILCS 505/2)***<br>***(815 ILCS 306/15)***<br>***Civil Conspiracy Illinois Law***<br>***Unjust Enrichment Illinois Law***<br>***(49 U.S.C. § 32701 et seq.)***<br><br>JURY DEMAND |

**COMPLAINT FOR FRAUD, DECEPTIVE TRADE PRACTICES, UNLAWFUL MECHANIC'S LIEN, CONVERSION, CIVIL CONSPIRACY, UNJUST ENRICHMENT, AND ODOMETER TAMPERING**

Plaintiff, Diahann Grasty, by and through herself as Pro Se, alleges as follows:

**1. Parties**

1. Plaintiff: Diahann Grasty is a resident of Illinois: 1032 W Montrose Ave, Apt 417s Chicago, IL 60613.

2. Defendant: Express Auto Repairs & Emissions, Inc. d/b/a Express Automotive Inc., is an Illinois corporation, with registered agent, owned and operated by Nicolas Martinez: located at 1801 Mitchel Blvd. Schaumburg IL.

3. Defendant Nicolas Martinez is the owner/operator of Express Automotive d/b/a Express Auto Repairs & Emissions, residing at 4369 W. 26th Street. Chicago IL 60623.

4. Defendant Ally Financial, Inc., is a financial institution lienholder on Plaintiff's vehicle, corporate office in Cockeysville, Maryland, current address known 1185 Avenue of the Americans, New York NY, 10036

5. Defendant Alan Stachura is the registered agent for Ally Financial, owner & Lienholder. The Corporate Trust Company, 1209 Orange St. Wilmington DE, 19801.

**2. Jurisdiction and Venue**

6. Jurisdiction is proper under 28 U.S.C. § 1332 (Diversity of Citizenship) as Plaintiff is an Illinois resident, Ally Financial is incorporated outside Illinois, and the amount in controversy exceeds $75,000.

7. Jurisdiction is also proper under 49 U.S.C. § 32701 et seq. (Federal Odometer Act) and 28 U.S.C. § 1331 (Federal Question).

8. Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claim occurred in this district.

**3. Statement of Facts / Background**

9. On or about June 2023, Plaintiff contracted Express Auto to provide an estimate for the cost to repair her vehicle's water pump, conditions were set for the Plaintiff to provide the part. Plaintiff found a part for a reasonable amount, specifically for the make and model of her vehicle a 2016 BMW X1. Plaintiff contacted Nicolas the owner to verify if the water pump found on Geek Parts was compatible for her vehicle, Plaintiff was notified by the owner Nicolas Martinez, that the car was repaired without Plaintiff permission. Mr. Martinez stated "I thought the parts were in the car, so when I didn't find the parts, I purchased the part and repaired the vehicle. Plaintiff stated, I requested to supply the part and i would provide you with the information and have the part shipped to you and that I had changed my mind because "I found someone to repair my vehicle for half the cost" and I had scheduled to car to be picked up by the tow company to be towed to a new location.

Mr. Martinez stated: "he worked on the car for 11 hours and this is the cost. During this time the mileage on the vehicle was approximately 101 thousand miles.

9.1. The car was dropped off by Magnum Insurance company roadside assistance at approximately 4-5 pm and I spoke with Mr. Martinez at about 10 am the next morning. Mr. Martinez didn't notify me that he was repairing my car despite our conversation that I would supply the part. I complained to Mr. Martinez that the reasonable cost for this repair was approximately $400-600. Defendants Mr. Martinez demanded the charged $1,500, constituting an overcharge and fraudulent billing practice.

9.2. I explained to Mr. Martinez that I was a Uber driver and I needed my emissions test performed and the cost was unreasonable when I received an estimate for 600.00 from the driver who towed my car to Express Auto Repairs & Emissions, the tow driver stated "the cost was outrageous and inflated".

9.3. There were numerous phone conversations with Mr. Martinez last recording was on or about May 19th, when an agreement was made to pick up the car in October 2025 however, which included the conversation regarding Ally Financial representative, the secretary of state officer regarding the odometer reading and fraud claim that were filed.

9.4. Plaintiff also visited the facility on or about February 2025 prior to moving to Chicago to remove some belongings from her car and pickup an estimate, invoice, and any additional documents, however the car was not at the location. Plaintiff spoke with an employee who stated the car was not at the location. Mr. Martinez previously stated the car was kept in the garage. Plaintiff had a conversation stating the car was located on the next-door lot, however I spoke with a gentleman at that location who stated the car usually sits Express Auto Repairs & Emission lot, however Express Auto Repairs & Emissions closed early because I arrived 15 min before closing.

I assumed Mr. Martinez was using the vehicle for personal purposes. I contacted Mr. Martinez who stated the car was parked behind Express Auto Repairs & Emissions lot, which no lot exist. When I explained what happened he stated my vehicle 2016 BMW X1 was parked in the lot next doorway in the back of the facility next door because their bay was full.

10. Express Auto refused to provide a written estimate, itemized bill, or documentation of the repair costs, violating the Illinois Automotive Repair Act, 815 ILCS 306/15.

11. Plaintiff and Express Auto agreed that Plaintiff would pay $1,000 by October 2025 to settle the repair and retrieve her vehicle. Mr. Martinez continue to hold my vehicle hostage despite the acknowledgement fact that the egregious cost was unreasonable.

12. Upon Plaintiff's attempt to retrieve the vehicle on October 3, 2025, as per the previously agreed arrangements, Plaintiff contacted Defendant Nicolas Martinex. Plaintiff explicitly informed Mr. Martinez that she had never sent an attorney or legal representative to the shop regarding the vehicle. Mr. Martinez stated that, approximately two months prior (around August 2025), someone had visited the shop purporting to act on behalf of Plaintiff, creating the impression that legal representation was present. During that visit, Mr. Martinex claimed that the individual offered to purchase the vehicle for $5,000 following the filing of a mechanic's lien.

12.1. Plaintiff reminded Mr. Martinez of the prior agreement to retrieve the vehicle by October 2025 and requested the contact information of the lawyer who had visited the shop taking photographs of the vehicle in August. Mr. Martinez refused to provide any information, stating, "I'm not giving you nothing." He then asked Plaintiff for her phone number. Plaintiff advised Mr. Martinex that her address had changed, attempted to provide her updated address and phone number, and informed him of her current contact information. Mr. Martinez abruptly responded, "Well, I'll call you back after I speak to my lawyer."

12.2. Despite these communications, Mr. Martinez refused to release the vehicle, asserting that he was in the process of filing a mechanic's lien purportedly in coordination with Ally Financials' legal representative, with the apparent intent to deprive Plaintiff of her equitable interest in the vehicle Plaintiff further informed Mr. Martinez that the title to the vehicle remained in Plaintiff's name. Nevertheless, Express Auto Repairs and Emissions, through Mr. Martinez, wrongfully detained the vehicle, citing the pending lien and failing to provide any invoice, explanation, or legal documentation, thereby committing conversion and wrongful detention under Illinois law. Plaintiff accessed the website and sent an email to update her address.

13. Ally Financial, the lienholder, engaged in communications that suggest a collusive scheme with Express Auto to purchase the vehicle for $5,000, knowingly and maliciously tried attempting to eliminate Plaintiff's equity through illegal strategic repossession of her 2016 BMW X1 while the title was still in Plaintiff name to prevent recovery of her property. Ally had previously submitted a settlement agreement for the Plaintiff to pay for repairs. Th equity and the value of the car according to the mileage, left the Plaintiff with a zero-balance owed on the 2016 BMW X1. Ally has placed a $25,000 debt on Plaintiff's credit report.

14. Plaintiff discovered odometer discrepancies on her vehicle, suggesting tampering in violation of the Federal Odometer Act (49 U.S.C. § 32701 et seq.).

15. Plaintiff filed a complaint with the Illinois Secretary of State regarding the overcharge, mechanic's lien abuse, and odometer discrepancies; defendants ignored these complaints and failed to provide any resolution.

16. Plaintiff has suffered financial damages, loss of property use, emotional distress, and potential long-term damage to vehicle value due to Defendants' misconduct.

**4. Causes of Action / Legal Arguments**

***Count 1 – Fraud / Deceptive Trade Practices (815 ILCS 505/2)***

17. Defendants knowingly misrepresented charges, misled Plaintiff regarding repair costs, and refused documentation of fees.

18. Under the Illinois Consumer Fraud and Deceptive Business Practices Act, these acts constitute unlawful deception, justifying damages including treble damages and statutory fees.

***Count 2 – Illinois Automotive Repair Act (815 ILCS 306/15)***

19. Express Auto violated the requirement to provide written estimates and invoices.

20. Filing a mechanic's lien without proper documentation and without notice to Plaintiff constitutes a statutory violation, exposing Defendants to liability.

***Count 3 – Conversion / Wrongful Detention Illinois Vehicle Code 625 ILCS 5/3-111***

21. Defendants wrongfully detained Plaintiff's vehicle, depriving her of possession and use, constituting conversion under Illinois Law. *Krohe v. City of Chicago,* 245 III. App. 3d 1080, 514 N.E.2d 689 (1st Dist. 1993). *HPI Health Care Services, Inc. V. Mt. Vernon Hospital, Inc*., 131 III. 2d 145, 145 III. Dec. 257, 545 N.E.2d 672 (1989).

***Count 4 – Civil Conspiracy Illinois Law***

22. Defendants colluded to deprive Plaintiff of property, manipulate lien and title, and prevent recovery of equity.

23. Civil conspiracy claims under Illinois law hold all parties jointly liable for coordinated misconduct resulting in harm. *Abbott laboratories v. Gardiner,* 387 III. App. 3d 1, 901 N.E.2s 150 (1st Dist. 2008) *Marconi v. Redfield,* 297 III. App. 3d 1, 695 N.E. 2d 13 (1st Dist. 1998).

***Count 5 – Unjust Enrichment Illinois Law,***

24. Defendants received payments and benefited from unlawful liens and overcharges, without providing lawful services, constituting unjust enrichment. Avery v. State Farm Mut. Auto. Ins. Co., 216 III. 2d 100, 835 N.E.2d 801 (2005).

***Count 6 – Illinois Vehicle Code / Lienholder Violations***

1. Ally Financial has never lawfully repossessed the vehicle but may have attempted or encouraged Express Auto to file a mechanic's lien.

2. Under 625 ILCS 5/3-114 and 770 ILCS 45, lienholders must comply with filing and notice requirements for title transfer.

3. UCC §§ 9-610, 9-615, 9-625 require commercially reasonable repossession and sale procedures with proper debtor notice.

4. Defendants' failure to comply invalidates any lien, sale, or title transfer and constitutes a violation of Illinois law (First Illinois Nat. Bank v. Hans, 143 Ill. App. 3d 1033 (1986)).

***Count 7 – Declaratory and Equitable Relief***

1. Plaintiff requests declaratory judgment affirming her lawful ownership of the vehicle.

2. Any attempt to transfer title, sell, or encumber the vehicle by Express Auto or Ally Financial is void and unenforceable.

3. Plaintiff requests equitable relief, including release of the vehicle and injunctions preventing further unlawful actions.

***Count 8 – Federal Odometer Act (49 U.S.C. § 32701 et seq.)***

25. Defendants knowingly misrepresented mileage, impacting the resale value and sale of the vehicle. Violations of the Federal Odometer Act impose statutory liability and punitive damages.

**Conclusion**

WHEREFORE, Plaintiff, Diahann Grasty, respectfully request that this court:

1. Order the immediate release of the vehicle to Plaintiff;
2. Declare any mechanic's lien filed by Express Auto Repairs & Emissions, Inc., or in coordination with Ally Financial, invalid and unenforceable;
3. Award Plaintiff compensatory and punitive damages totaling $1,5000,000 including but not limited to overcharges, lost equity, emotional distress, and any other statutory or common law damages arising from defendants' conduct;
4. Award costs, attorney's fees, and statutory penalties as permitted by applicable law, including the Illinois Consumer Fraud and Deceptive Business Practices Act and the Federal Odometer Act;
5. Hold Defendants jointly and severally liable for civil conspiracy, conversion, unjust enrichment, and all other causes of action alleged herein, and
6. Grant any other relief that this Court deems just and proper, including equitable relief to protect Plaintiffs property rights and interests.

Dated: October 5, 2025

/s/ Diahann Grasty
Plaintiff, Pro Se
1032 W Montrose Ave. Apt 417s
Chicago, IL 60613
224-478-0953

EXHIBITS

Exhibits and Evidence to be provided which includes:

1. **Exhibits and Supporting Documents**
2. 
3. **Exhibit A – Agreement Recording**
4. Description: Audio recording of the phone conversation with Nicolas Martinez agreeing that Plaintiff would pay $1,000 by October 2025 to retrieve the vehicle.
5. Purpose: Proves the agreed-upon settlement and counters claims by Defendants that terms are different.
6. 
7. **Exhibit B – Repair Estimate / Invoice Documentation**
8. Description: Any written or electronic communication showing the $1,500 charge for the water pump repair, along with any prior estimates (if available).
9. Purpose: Establishes overcharge and potential fraud / deceptive trade practice.
10. 
11. **Exhibit C – Mechanic's Lien Notice / Communication**
12. Description: Any written notice or reference to the mechanic's lien filed or threatened by Express Auto.
13. Purpose: Supports the conversion / wrongful detention claim.
14. 
15. **Exhibit D – Communications with Ally Financial**
16. Description: Emails, voice conversations, letters, or notes regarding discussions, offers, or collusion regarding the $5,000 purchase offer for the vehicle.
17. Purpose: Supports civil conspiracy and joint liability claim.
18. 

**19. Exhibit E – Secretary of State Complaint Filing**

20. Description: Copy of complaint filed with Illinois Secretary of State regarding overcharge, lien abuse, or odometer discrepancies.
21. Purpose: Shows Plaintiff's good faith attempts to resolve the dispute administratively.
22.

**23. Exhibit F – Odometer Discrepancy Evidence**

24. Description: Documentation of odometer readings before and after repair, including any official reports or statements.
25. Purpose: Supports Federal Odometer Act claim (49 U.S.C. § 32701 et seq.).
26.

**27. Exhibit G – Proof of Title / Ownership**

28. Description: Vehicle title in Plaintiff's name.
29. Purpose: Establishes equitable interest and counters any assertion that Ally Financial or Express Auto may claim ownership.
30.

**31. Exhibit H – Correspondence / Notes Regarding Contact Attempts**

32. Description: Notes of phone calls, messages, or in-person visits attempting to retrieve vehicle or request lawyer information from Nicolas Martinez.
33. Purpose: Reinforces Paragraph 12, showing bad faith and refusal to cooperate by Defendants.
34.

**35. Exhibit I – Any Witness Statements**

36. Description: Statements from third parties who witnessed misrepresentation, overcharges, or vehicle withholding.
37. Purpose: Corroborates claims of conversion, civil conspiracy, and wrongful detention.